UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| **ALEJANDRO CALDERON**, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND JURY DEMAND** |
| | ) |
| vs. | ) |
| | ) |
| **EVERGREEN PROFESSIONAL RECOVERIES, INC.**, | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1. Plaintiff Alejandro Calderon ("Plaintiff") brings this action against Defendant Evergreen Professional Recoveries, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, STANDING, AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S.

Complaint - 1

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 899-9189
Facsimile: (866) 317-2674
ARinkleib@ThompsonConsumerLaw.com


Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

6. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

7. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 899-9189
Facsimile: (866) 317-2674
ARinkleib@ThompsonConsumerLaw.com

8. In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982); *see also Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014).

9. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

10. "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman*, 755 F.3d at 1117-18 (emphasis in original).

## PARTIES

11. Plaintiff is a natural person who at all relevant times resided in the State of Washington, County of Pierce, and City of Tacoma.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 899-9189
Facsimile: (866) 317-2674
ARinkleib@ThompsonConsumerLaw.com

14. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

15. Plaintiff is a natural person allegedly obligated to pay a debt.

16. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

17. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

18. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

19. On or before February 5, 2019, Plaintiff discovered Defendant reporting the Debt on his credit reports.

20. Plaintiff subsequently disputed the Debt with the credit bureaus.

21. Plaintiff also sent Defendant a written dispute of the Debt dated February 5, 2019 via certified mail.

22. A true and correct copy of Plaintiff's February 5, 2019 letter and certified mail receipt is attached as Exhibit A.

23. Defendant received Plaintiff's written dispute on February 11, 2019.

24. Shortly thereafter, Defendant deleted the Debt from Plaintiff's credit reports.

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 899-9189
Facsimile: (866) 317-2674
ARinkleib@ThompsonConsumerLaw.com

25. However, when Defendant received the automated consumer dispute verification ("ACDV") form from the credit bureaus regarding Plaintiff's dispute, Defendant verified the Debt and instructed the bureaus to re-report it on Plaintiff's credit reports in or around early March 2019.

26. Despite knowing that Plaintiff disputed the Debt, by virtue of Plaintiff's February 5, 2019 dispute letter and the ACDV form from the credit bureaus, Defendant did not report the Debt as disputed.

27. Thereafter, Defendant continued to regularly update its reporting of the Debt on Plaintiff's credit report to the credit bureaus.

28. However, Defendant failed to report the Debt as disputed.

29. Defendant did not report the Debt as disputed until early October 2019 when Plaintiff again disputed the Debt with the credit bureaus.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(8)

30. Plaintiff repeats and re-alleges each factual allegation contained above.

31. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

Complaint - 5

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 899-9189
Facsimile: (866) 317-2674
ARinkleib@ThompsonConsumerLaw.com

32.     Under the same general prohibition of false, misleading, or deceptive debt collection practices, the FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."  15 U.S.C. § 1692e(8).

33.     Defendant violated 15 U.S.C. § 1692e(8) by communicating to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(8);

a) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

b) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem proper.

### TRIAL BY JURY

34.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 18, 2019

Respectfully submitted,

Complaint - 6

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 899-9189
Facsimile: (866) 317-2674
ARinkleib@ThompsonConsumerLaw.com

        <u>s/Amorette Rinkleib</u>
        Amorette Rinkleib WSBA# 48626
        Thompson Consumer Law Group, PLLC
        5235 E. Southern Ave., D106-618
        Mesa, AZ 85206
        Telephone (602) 899-9189
        Facsimile: (866) 317-2674
        ARinkleib@ThompsonConsumerLaw.com
        Attorney for Plaintiff

Complaint - 7

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 899-9189
Facsimile: (866) 317-2674
ARinkleib@ThompsonConsumerLaw.com